SIEGMUND F. FUCHS
Trial Attorney, Torts Branch
D.C. Bar No. 986828
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7146
Washington, D.C. 20044-7146
Telephone: (202) 616-4322
Facsimile: (202) 616-4314
Email: siegmund.f.fuchs@usdoj.gov

*Attorney for the United States*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICK LOVELIEN and STEVEN STEWART, <br><br> Plaintiffs, <br> v. <br><br> THE UNITED STATES OF AMERICA, DANIEL BOGDEN, STEVEN W. MYHRE, DANIEL SCHIESS, NADIA JANJUA AHMED, NEIL KORNZE, DAN P. LOVE, JAMES COMEY, JOEL WILLIS, FORMER SHERIFF DOUG GILLEPSIE, SHERIFF JOE LOMBARDO, BUREAU OF LAND MANAGEMENT, FEDERAL BUREAU OF INVESTIGATION, CLARK COUNTY SHERIFF'S DEPARTMENT, and DOES 1-100, inclusive, <br><br> Defendants. | Case No: 2:18-cv-02110-MMD-CWH <br><br><br><br> **UNOPPOSED MOTION TO EXTEND TIME TO FILE A RESPONSE** <br> **(Third Request)** |

The United States of America moves to extend the time to respond to the Complaint. This is the third motion to extend the time to respond to the Complaint. This case was initially filed in the United States District Court for the District of Columbia. That court extended the Government's time to respond to the Complaint until 30 days after it ruled on the then-pending motion to transfer to this Court. The United States then sought a second extension to allow it to complete the process for reviewing the requests for Department of Justice representation made by the individual federal defendants, and because undersigned counsel was new to the case. This Court granted that motion on November 8, 2018. (ECF 19). The United States now seeks an additional 30 days, until January 12, 2018, to respond to the Complaint, and states as follows:

1

1. Because the Complaint sues federal employees in their individual capacities, they may be entitled to representation by the Department of Justice pursuant to 28 C.F.R. § 50.15. Under Department of Justice regulations:

> [A] federal employee . . . may be provided representation in civil . . . proceedings in which he is sued . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States.

28 C.F.R. § 50.15(a). An employee must first submit a written request for representation to his immediate supervisor. 28 C.F.R. § 50.15(a)(1). The employing agency must then submit a statement to the Department of Justice "containing its findings as to whether the employee was acting within the scope of his employment and its recommendation for or against providing representation," and "should be accompanied by all available factual information." *Id*. The Department of Justice must then "determine whether the employee's actions reasonably appear to have been performed within the scope of his employment and whether providing representation would be in the interest of the United States." 28 C.F. R. § 50.15(a)(2).

2. Some requests for representation take longer to process based, in part, on the complexity of the case and the number of federal employees sued. The underlying criminal case giving rise to this civil suit has over 3,300 docket entries, and eight current and former federal employees have been sued: four from the United States Attorney's Office for the District of Nevada, two from the Bureau of Land Management, and two from the Federal Bureau of Investigation.

3. Undersigned counsel is not involved in the representation determination and had hoped the first 30-day extension would be sufficient time for the Department of Justice to process the requests for representation, but has since been informed that additional time is necessary.

4. Until the Department of Justice authorizes undersigned counsel to represent any of the named federal employees in their individual capacities, he may only act to seek enlargements of time so that their interests and defenses are not compromised.

5. Undersigned counsel has conferred with those Department of Justice attorneys involved in the representation process and has confirmed that 30 additional days should be sufficient time

to both complete the representation process and allow time for undersigned counsel to prepare a response to the complaint.

For these reasons and with just cause shown, the United States requests that this Court extend the deadline to respond to the complaint for those federal defendants who have been served to January 12, 2019. Counsel for the Plaintiffs does not oppose this motion.

Respectfully submitted this 30th day of November 2018.

JOSEPH H. HUNT
Assistant Attorney General, Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel
Torts Branch, Civil Division

*s/ Siegmund F. Fuchs*
SIEGMUND F. FUCHS
Trial Attorney
Torts Branch, Civil Division

Attorneys for the United States

DATED: December 3, 2018

IT IS SO ORDERED:

~~UNITED STATES DISTRICT JUDGE~~
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I, Siegmund F. Fuchs, certify that the following individual was served with a copy of the **UNOPPOSED MOTION TO EXTEND TIME** on the date and by the identified method of service below:

**ELECTRONIC CASE FILING AND ELECTRONIC MAIL:**

Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
2020 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C., 20006
310-595-0800
leklayman@gmail.com

Dated this 30th day of November 2018.

                                                 */s/ Siegmund F. Fuchs*
                                                 SIEGMUND F. FUCHS
                                                 Trial Attorney